**UNITED STATES of America,**
**Appellee,**

v.

**Sangwoo PAK, Defendant–Appellant.**

**Docket No. 01–1147.**

United States Court of Appeals,
Second Circuit.

Feb. 13, 2002.

---

Paul Shechtman, Stillman & Friedman, P.C.; Nathaniel Z. Marmur, on the brief, New York, NY, for Defendant–Appellant.

Kari A. Dooley, Assistant United States Attorney; John A. Danaher, III, United States Attorney for the District of Connecticut, on the brief, New Haven, CT, for Appellee.

Present ROSEMARY S. POOLER, SONIA SOTOMAYOR, Circuit Judges, and LEWIS A. KAPLAN, District Judge.*

**SUMMARY ORDER**

Appeal from judgment of the United States District Court for the District of Connecticut (Stefan R. Underhill, Judge) sentencing defendant principally to 48 months imprisonment following his plea of

* The Honorable Lewis A. Kaplan, United States District Judge for the Southern District of

guilty to one count of kidnaping, in violation of 18 U.S.C. § 1201(a)(1).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this appeal is **DISMISSED.**

Defendant Sangwoo Pak appeals from the March 8, 2001, judgment of the United States District Court for the District of Connecticut (Stefan R. Underhill, Judge) sentencing him principally to 48 months imprisonment following his plea of guilty to one count of kidnaping, in violation of 18 U.S.C. § 1201(a)(1). A federal grand jury returned a one-count indictment on November 10, 1999 charging Pak with kidnaping Heechul Kwon. According to the government, Pak plotted to kidnap Kwon and did so on October 31, 1999, taking Kwon from outside his home in Forest Hills, New York, to a field in Connecticut before local police intervened and rescued Kwon. Pak used, among other things, a disguise and a loaded gun to facilitate his crime. Pak claims that he kidnaped Kwon with no intent to harm him. Rather, defendant claims that he abducted the man in order to scare him into confessing that he sexually abused Kwon's girlfriend—who was related to Kwon—several years earlier when she was a girl. Pak pleaded guilty on July 13, 2000, without a plea agreement. The district court sentenced Pak on February 26, 2001, to 48 months imprisonment, three years supervised release, and $100 special assessment. Pak appeals his sentence.

On appeal, Pak contends that the district court erred when it denied his request for a downward departure based on his aberrant criminal behavior. Specifically, Pak argues that the district court failed to apply the relevant legal standard in

New York, sitting by designation.

**668**

*Zecevic v. United States Parole Comm'n,* 163 F.3d 731 (2d Cir.1998), when it gave dispositive weight to the factor of planning and virtually ignored other factors weighing in Pak's favor. The government asks first that we dismiss this appeal because a district court's decision not to downwardly depart is not reviewable. The government argues in the alternative that the district court committed no error or abuse of discretion in its application of the *Zecevic* test.

We review a sentencing court's departure decisions for abuse of discretion and give due deference to the court's comparative assessment of the facts of the cases before it. *United States v. Martinez,* 207 F.3d 133, 137 (2d Cir.2000). However, we lack jurisdiction altogether to review a district court's refusal to grant a downward departure unless a violation of law occurred, the sentencing court misapplied the Sentencing Guidelines, or the sentencing court misapprehended its authority to make the departure. *United States v. Kalust,* 249 F.3d 106, 110 (2d Cir.), *cert. denied,* — U.S. —, 122 S.Ct. 213, 151 L.Ed.2d 152 (2001). Pak contends that we have jurisdiction over this appeal because the sentencing court's decision rested on "a mistaken view of the law" and applied the wrong legal standard for assessing aberrant behavior. *United States v. Fermin,* 252 F.3d 102, 112 (2d Cir.2001). According to Pak, the district court actually applied the "spontaneity" test that *Zecevic* rejected instead of applying *Zecevic*'s "totality of the circumstances" test. *See Zecevic,* 163 F.3d at 734–36. We disagree. Although the district court did consider the lack of spontaneity and degree of planning in Pak's criminal behavior, it clearly considered the other factors that *Zecevic* deemed relevant and even stated that some weighed in Pak's favor. We have held that "[t]he degree of relevance of a particular factor will depend on the specif-

ic circumstances of each case," and the district court here merely found the degree of planning and lack of spontaneity particularly relevant. *Martinez,* 207 F.3d at 139. The sentencing transcript reveals that the district court recognized its authority to depart, considered the totality of the circumstances as *Zecevic* requires, and declined to grant the downward departure. Because the sentencing court made no error of law, we lack jurisdiction over its decision not to grant a downward departure.

We have considered all of defendant-appellant's remaining arguments and find them to be without merit.